NOT FOR PUBLICATION                                                                              CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HERBERT S. EDELBERG,<br><br>                    Plaintiff,<br><br>v.<br><br>NEIL H. DEUTSCH, ESQ., et al.,<br><br>                    Defendants. | Civil Action No.: 08-5469 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court on the motion to dismiss filed by Defendants and the cross-motion to amend the Complaint filed by Plaintiff. Plaintiff alleges that the Defendants committed legal malpractice in their representation of him in a prior contract dispute. Jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). This Court has considered the submissions in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion to dismiss is granted, and Plaintiff's motion to amend the Complaint is denied.

**I.     BACKGROUND**

Plaintiff retained Defendants to represent him in connection with a breach of contract claim that he was bringing against a corporation, VTS, that had previously purchased his business. (Compl. ¶ 10.) Defendants, on behalf of Plaintiff, filed suit in that matter, and in 2003

a trial was conducted.  (Id. at ¶¶ 11-12.)  The jury returned a verdict against Plaintiff.  (Id. at ¶ 14.)  Plaintiff, again represented by Defendants, appealed.  (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, or in the Alternative for Summ. J., at 8 [hereinafter "Opp'n Br."].)  On appeal Defendants argued that Interrogatory Number 3 "improperly placed the burden of proof upon [Plaintiff] after the jury determined that the [amended consulting agreement at issue] was not sealed."  (Id. at 14.)  The Appellate Division affirmed the jury's verdict.  (Id.)  In its decision, the Appellate Division stated:

> We also reject plaintiffs' argument, advanced on appeal, that the third interrogatory misallocated the burden of proof.  Plaintiff lodged no objection before the trial court to the wording of that interrogatory or the attendant instruction, and will not be heard to raise the issue for the first time on appeal.  See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).  See also Mogull v. CB Commercial Real Estate Group, Inc., 162 N.J. 448, 470-71 (2000) ("a correct jury charge can cure an ambiguity in a jury interrogatory"); Sons of Thunder, Inc. V. Borden, Inc., 148 N.J. 396, 415-20 (same).  There was no plain error here.  See R. 1:7-2; 1:7-5; 2:10-2; Mogull, supra, 162 N.J. at 466-71.  The trial judge charged the jury that "VTS has the burden of establishing . . . that clarification of [the parties'] rights or duties [under their contract] existed here."
> The judgment is affirmed.

(See id. at 15 (alteration in original).)  The Appellate Division also held:

> We also discern no flaw warranting our intervention in the court's instructions to the jury and the jury interrogatories.  Moreover, the record discloses that the evidence in the case provided sufficient support for the jury's verdict that the amended consulting agreement was valid and binding.

(See Br. in Supp. of Defs.' Neil Deutsch, Esquire and Deutsch Resnick, P.A.'s Mot. to Dismiss, or in the Alternative for Summ. J., at 3 [hereinafter "Defs.' Moving Br."].)

## II.  DEFENDANTS' MOTION TO DISMISS

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct.

1937, 1949 (U.S. 2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

Although additional facts have been alleged in the briefs, for purposes of Defendants' motion to dismiss, this Court considers only the allegations set forth in the Complaint. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). Here, the Complaint states:

- Defendants negligently prosecuted this claim on behalf of Edelberg at the trial and as a proximate result thereof, the jury returned a verdict against Edelberg on this claim.
- The defendants Deutsch, Siegler and Deutsch Resnick, P.A. had a duty to exercise the degree of care and skill in the representation of Edelberg which was in accordance with the generally accepted legal standards of care and skill utilized by attorneys in litigating breach of contract claims. Defendants breached this duty.
- The defendants Deutsch, Siegler and Deutsch Resnick, P.A. negligently and carelessly failed to exercise the degree of care and skill required of them in the representation of Edelberg. These defendants committed malpractice.

(Compl. ¶¶ 14-16.) The Complaint does not provide any facts as to what action by Defendants was negligent. The statements above are nothing more than legal conclusions unsupported by any factual basis. Therefore, Plaintiff's Complaint does not meet the Iqbal/Twombly standard for adequately pleading a claim pursuant to Rule 8(a) of the Federal Rules of Civil Procedure; the Court grants Defendants' motion to dismiss the Complaint.

## II. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

A party may amend a pleading "once as a matter of course . . . before being served with a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1)(A); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "After amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane, 213 F.3d at 115 (citing Fed. R. Civ. P 15(a)). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Id. An amendment is futile when a proposed amended complaint "would fail to state a claim upon which relief could be granted." Id. Thus, "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id.

Plaintiff's cross motion to amend argues that if its original Complaint is found to be deficient it should be permitted to file an amended complaint correcting the deficiencies. Plaintiff submitted a proposed amended complaint as an exhibit to its motion. The Court has reviewed Plaintiff's proposed amendment and finds that, while the additional facts asserted cure the Rule 8 deficiencies, the amendment fails to state a claim, making any amendment futile.

In the proposed amended complaint, Plaintiff adds the following allegations:

> The acts of negligence [by Defendants] include, but are not limited to,
> a.  [D]efendants' failure to object to Jury Interrogatory Number 3, which improperly shifted the burden to prove the existence of consideration for VTS' Amended Consulting Agreement without a seal from VTS to plaintiff Edelberg;
> b.  Defendants' failure to object to the jury instructions that omitted placing the burden on VTS to prove that the Amended Consulting Agreement contained the required elements of a binding agreement, if it did not have a seal;
> c.  Defendants' failure to submit a memorandum of law to the trial judge that

>   VTS had the burden to prove that the Amended Consulting Agreement contained the required elements of a binding agreement; and
> d. Defendants' failure to submit a jury interrogatory that if the jury found that the Amended Consulting Agreement was not under seal, that VTS had the burden to prove that the Amended Consulting Agreement had valid consideration.

(Cross-Mot. Pursuant to F.R.C.P. 15(a) for Leave to File an Am. Compl. to Assert Add'l Claims of Negligence, Proposed Am. Compl. ¶ 17.)   In its briefs supporting their motion to dismiss, Defendants address these new allegations.  They assert that Plaintiff's claim is barred by the doctrine of collateral estoppel, arguing that the Appellate Division previously considered and decided the issues Plaintiff raises here.  Plaintiff, on the other hand, argues that the Appellate Division's decision is unclear and only addressed whether plain error was committed, not whether reversible error was committed, as Plaintiff presently alleges.  Thus, Plaintiff argues that his claim is not barred.

"[F]or the doctrine of collateral estoppel to apply, the party asserting the bar must show that: (1) the issue to be precluded is identical to the issue decided in the previous proceeding; (2) the issue was actually litigated in the prior action, i.e., there was a full and fair opportunity to litigate the issue in the prior action; (3) a final judgment on the merits was issued in prior proceeding; (4) the determination of the issue was essential to prior judgment; and (5) the party against whom preclusion is asserted was a party to or in privity with a party to the earlier proceeding." Pivnick v. Beck, 741 A.2d 655, 661 (N.J. Super. Ct. App. Div. 1999) (citing In Re Dawson, 641 A.2d 1026, 1034-35 (N.J. 1994)).  As noted above, Plaintiff's argument is that the issue here is whether the Appellate Division would have found reversible error had Defendants objected to the interrogatories at the trial, preserving the issue for appeal, not whether there was

plain error. He argues that this issue was expressly not considered by the Appellate Division as made clear by their statement that, because no objection was made at trial, they would not hear "the issue for the first time on appeal." The Court disagrees with Plaintiff that this is the issue relevant here. The issue here is the one as framed in the proposed amended complaint, namely whether Plaintiff was harmed by Defendants' failure to object to Interrogatory Number 3 and the jury instructions and failure to submit an additional interrogatory to clarify the allocation of burden. This Court finds that this issue is identical to that considered and decided by the Appellate Division and that, because Plaintiff was a party to the prior proceedings, the presented claim is barred.

Plaintiff acknowledges that the Appellate Division found that there was no plain error. However, he asserts that "[i]t is agreed that reversible error existed," quoting the argument in the appellate brief prepared by Defendants for Plaintiff's appeal. (Opp'n Br., at 14.) Regardless of the arguments made in the brief advocating for their client's position, Defendants do not concede here that there was reversible error, rather they argue that the Appellate Division, after considering the arguments, determined that there was not error in the jury interrogatories and instructions sufficient to overturn the verdict and that the verdict was supported by sufficient evidence. This Court agrees with Defendants and finds that Plaintiff's distinction between reversible and plain error is a distinction without a difference in this case. The Appellate Division stated that it would not consider the objections to Interrogatory Number 3 on appeal, but it also found that there was no plain error because, even if there was an error with regard to that interrogatory, "a correct jury charge can cure an ambiguity in a jury interrogatory," citing Mogull v. CB Commer. Real Estate Group; the Appellate Division held that the jury charged correctly

allocated the burden.  Likewise, "[t]here is no *reversible error* 'where the charge, considered as a whole, adequately conveys the law and is unlikely to confuse or mislead the jury, even though part of the charge, standing alone, might be incorrect.'"  Mogull v. CB Commer. Real Estate Group, 744 A.2d 1186, 1194 (N.J. 2000) (quoting Fischer v. Canario, 670 A.2d 516, 526 (N.J. 1996)) (emphasis added).  In Mogull the issue also was whether the jury instructions and jury interrogatories misled or confused the jury such that any error required reversal.  Id.  Like here, the Court held that, when taken as a whole, they did not.  Id. at 1195.  Therefore, this Court finds that the Appellate Division previously considered and decided whether the jury interrogatories and instructions, taken as a whole, were so misleading to the jury that reversal was required; the Appellate Division also expressly found that there was sufficient evidence to support the jury's verdict.  Defendants' failure to object to the interrogatory or any error in Interrogatory Number 3 had no effect on the outcome of the appeal, which found there was no effect on the trial, so Plaintiff was not harmed by any error committed by Defendants.  Additionally, given the basis for Plaintiff's argument here, there are no additional facts related to the interrogatories and jury charges that Plaintiff could allege that would alter this Court's analysis.  Therefore, this Court finds that Plaintiff's claim as alleged in the proposed amended complaint is barred, and that leave to amend would be futile and is denied.

### IV.     CONCLUSION

For the foregoing reasons, this Court grants Defendants' motion to dismiss Plaintiff's original complaint for failure to meet the requirements of Rule 8(a).  The Court also denies Plaintiff's motion to amend the complaint.  An appropriate Order accompanies this Opinion.

DATED: August 13, 2009                    /s/ Jose L. Linares
                                                                Jose L. Linares
                                                                United States District Judge